ETHAN A. PIERCE, RESPONDENT, *v.* SAMUEL KEATOR, APPELLANT.

*Conveyance to railroad — reservation of right, to cultivate the land not used by the company — personal to the grantor.*

Plaintiff, through whose farm a railroad ran, conveyed to the company in fee a strip thereof, subject to the following reservation or condition: "Said parties of the first part also to have the privilege of mowing and cultivating the surplus grounds of said strip of land not required for railroad purposes." Subsequently the farm was sold upon the foreclosure of a mortgage and conveyed to the defendant's grantor, the deed excepting and reserving the said strip "containing six acres and eighteen one-hundredths of an acre of land, more or less, which is reserved as conveyed to the said "·company. *Held*, that the right to mow and cultivate the strip was not reserved as appurtenant to the farm of which it formed a part, but was a personal reservation or license in favor of the plaintiff. If regarded as a condition it was a condition subsequent, and could only be reserved in favor of the grantor and his heirs, and could not be assigned to a third person.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*M. M. Waters*, for the appellant.

*H. C. Miner*, for the respondent.

BOCKES, J.:

This action was brought to recover the value of a quantity of wheat, which grew on a strip of land previously conveyed by the plaintiff to the New York and Oswego Midland Railroad Company. The plaintiff sowed the wheat, and when it was grown the defendant harvested and removed the crop. The conveyance by the plaintiff to the railroad company was a grant in fee, subject to the following condition (among others which need not be here noticed), to wit: "Said parties of the first part also to have the privilege of mowing and cultivating the surplus grounds of said strip of land not required for railroad purposes." The defendant claimed the benefit of this condition under title obtained by mortgage foreclos-

ure. At the time of the grant to the railroad company the plaintiff owned the farm through which the road was laid, subject to a mortgage which was afterward foreclosed. On the foreclosure sale one Elijah Wheeler became the purchaser, and took the referee's deed, pursuant to the decree in the foreclosure suit. The defendant claims under Wheeler's title. The referee's deed to Wheeler embraced the entire farm, but contained the following exception : "Excepting and reserving, however, from said above described premises, viz. : " (here follows a description of the strip conveyed to the railroad company by metes and bounds, closing as follows) : " Containing six acres and eighteen one-hundredths of an acre of land, more or less, which is reserved as conveyed to the said Oswego and Midland Railroad Company." It may be here observed that Wheeler took title subject to this exception and reservation in the referee's deed to him. He took only what the conveyance gave him. His rights were limited by the exceptions and reservations therein (*Bache* v. *Purcell*, 51 How., 270), to the extent of such exception. Wheeler obtained no title by his purchase under the foreclosure proceedings, and the defendant, claiming under him, of course had no greater rights. Thus we find that the defendant's title was subject to the conveyance to the railroad company ; that is, it was subject to the grant to the company, as limited or qualified by the conditions expressed in the conveyance. To the extent that such conditions were appurtenant to the plaintiff's farm, they passed to Wheeler, and through him to the defendant. The question then arises, was the right reserved or given back to the plaintiff, to mow and cultivate the strip conveyed to the railroad company, an appurtenance to the farm of which such strip was a part at the time of the conveyance? Manifestly it was not. This right did not attach to the title of the farm, but was a separate and independent right. As the learned judge held at Special Term : It was a mere personal right to the plaintiff. The railroad company gave the privilege to the plaintiff of mowing and cultivating their surplus ground, and secured to him such right by making it one of the conditions of the grant; but it was in no respect a burden imposed upon one piece of property for the benefit of another. It was a condition which the plaintiff might enforce, waive or discharge as he might see fit. That this right was personal to the plaintiff is

shown, I think, very clearly by the line of reasoning adopted by the judge in his opinion at Special Term, and by the authorities cited by him. He shows that the railroad company under our statutes was authorized to acquire, by purchase and grant, an absolute fee or any less estate in land (*Nicoll* v. *N. Y. and E. R. R. Co.*, 12 N. Y., 121; *Heath* v. *Balmore*, 50 id., 302; *Heard* v. *City of Brooklyn*, 60 id., 247); hence that the conveyance was to be construed as if both parties to it were natural persons; that the right reserved to the plaintiff to mow and cultivate a portion of the land granted, was not an exception from the grant, but a right taken back out of that which was granted (*Gould* v. *Glass*, 19 Barb., 192; *Craig* v. *Wells*, 11 N. Y., 315); that it was a right to profits *apprendre;* and that the rights to profits *apprendre* were rights reserved in favor of persons—mere personal rights. (*Post* v. *Pearsall*, 22 Wend., 432, 433.) The exception in the deed to Wheeler took from that conveyance (saved from the grant) what was conveyed to the railroad company. Now, this strip was conveyed to the company. The fee vested at once. That the plaintiff had the right to mow and cultivate a portion of the land did not limit the effect of the exception. This was a personal right; a mere license to the plaintiff to enter upon the land for the purpose specified. If regarded as a condition attaching to the grant, it was a condition subsequent, which can be reserved only for the benefit of the grantor and his heirs. A third party can derive no advantage from it. (4 Kent, 122; *Nicoll* v. *N. Y. and E. R. R. Co.*, 12 N. Y., 121, 131; *Van Rensselaer* v. *Ball*, 19 id., 103, 104; *Main* v. *Green*, 32 Barb., 456; *Ives* v. *Van Auken*, 34 id., 566; *Fonda* v. *Sage* 46 id., 109.) The right reserved to the plaintiff was of that personal character hence it was not assignable. (See above cases.) Now, an exception of the land "as conveyed" to the company would except the land with the privilege or license to the plaintiff with which it was burdened; to wit, with the privilege or license to *him* to mow and cultivate it as agreed between him and the company; for thus it was conveyed.

If these conclusions be sound, the judgment appealed from should be affirmed.

The deed from Crandell, referee, to Wheeler, under which alone the defendant claims, contains this clause: "Excepting and reserv-

ing from the said premises " (then follows the description of the railroad strip), " containing six acres and eighteen one-hundredths of an acre, which is reserved as conveyed to the O. and M. R. R. Co.

This seems to me to be an exception of the six and eighteen one-hundredths acres from the conveyance of the rest of the farm to Wheeler. Hence, the defendant, claiming under Wheeler's deed, obtained no better title than Wheeler did, and Wheeler never had title to the six and eighteen one-hundredths. I do not think that the words " which is reserved as conveyed to the O. and M. R. R. Co.," limit the effect of the absolute exception of these lands, made by the words, " excepting and reserving." They were intended, I think, only for identification of the land.

I think the judgment should be affirmed, with costs.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.